UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Gerardo Hernandez, | No. 2:20-cv-2061-KJM-JDP |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Welcome Sacramento, LLC dba Courtyard by Marriott Sacramento Cal-Expo, Hotel Circle GL, LLC, | |
| Defendants. | |

Plaintiff Gerardo Hernandez brings this lawsuit against defendants, Welcome Sacramento, LLC dba Courtyard by Marriot Sacramento Cal-Expo and Hotel Circle GL, LLC for violations of the Americans with Disabilities Act and two state law claims. Defendants moves to dismiss. The motion is **denied**.

**I.   BACKGROUND**

Mr. Hernandez is "physically disabled." Compl. ¶ 8, ECF 1. He is "substantially limited in his ability to walk" and requires a wheelchair for mobility. *Id*. Defendants own the Courtyard by Marriott Sacramento Cal-Expo, *id*. ¶ 7, where Hernandez and his girlfriend stayed on May 9, 2020, *id*. ¶ 10. In his declaration, Hernandez explains the couple checked in under his girlfriend's name. Hernandez Decl. ¶ 10, ECF No. 12. During his stay, Hernandez and his girlfriend requested a wheelchair-accessible room and were told they would have one. Compl. ¶ 10(a). But once in the room, Hernandez encountered several barriers: he found the bathroom was not

1

accessible, and the sink did not have proper knee clearance, which made it hard for Hernandez to reach the faucet. *Id*. Also, the toilet was short and lacked grab bars, which made it difficult for Hernandez to use. *Id*. Additionally, the hotel's check-in counter was too high for Hernandez to properly check-in and pay. *Id*. ¶ 10(b).

Mr. Hernandez travels to the Sacramento area regularly. *Id*. ¶ 10. In his declaration he specifies that he visits "multiple times per month and usually weekly" and the Courtyard by Marriott Sacramento Cal-Expo hotel is close to his cousin's house. Hernandez Decl. ¶ 4. The barriers at the hotel have deterred Hernandez from visiting again, but he will return once the barriers are removed. Compl. ¶ 12.

Mr. Hernandez brought this complaint alleging violations of the Americans with Disabilities Act (ADA), the Unruh Act, and the California Health and Safety Code § 19955 & 19959. Defendants now move to dismiss under Rule 12(b)(1) and Rule 12(b)(6), Mot., ECF No. 8; P. & A., ECF No. 8-1, and plaintiff opposes, Opp'n, ECF No. 12. Defendants did not reply, and the court submitted the matter on the papers. Min. Order, ECF No. 16.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1) a motion to dismiss contests the court's subject matter jurisdiction. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). Standing to sue is a necessary component of the court's subject matter jurisdiction. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Accordingly, if a plaintiff lacks standing, the court lacks subject matter jurisdiction. *Id*. To demonstrate standing, a plaintiff must (1) have suffered a concrete and particularized injury-in-fact, which is actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the defendant's conduct; and (3) it must be likely that the injury will be redressed by a favorable decision. *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796–97 (9th Cir. 2001). "The party asserting federal jurisdiction bears the burden" of demonstrating he has standing at every stage of litigation. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010).

A Rule 12(b)(1) jurisdictional attack on standing grounds may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d

2

1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. In resolving a factual attack on jurisdiction, the district court need not presume the truthfulness of the plaintiff's allegations, *id,* and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage*, 343 F.3d at 1039 n.2 (citation omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*; *Safe Air*, 373 F.3d at 1039. "Jurisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*, 327 U.S. 678 (1946)." *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 140 (9th Cir.1983). Under *Bell*, jurisdictional dismissals are warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." 327 U.S. at 682–83.

Under Federal Rule of Civil Procedure 12(b)(6) a motion to dismiss argues the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. A claim must include facts sufficient to raise it to this level, not just a recitation of the elements of the cause of action. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021); *see Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

### III.   ANALYSIS

Defendants move to dismiss, arguing Hernandez does not have standing and did not state a plausible claim. Under the ADA, no individual should be discriminated against based on their disability. 42 U.S.C. § 12182(a). Discrimination occurs when existing facilities fail "to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (interpreting the scope of the ADA in public accommodation matters). The ADA requires facilities constructed after July 26, 1990 to be "readily accessible" where "architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." 42 U.S.C. § 12183(a)(1); *Chapman*, 631 F.3d at 945.

A plaintiff establishes standing by demonstrating that "he has suffered an injury-in-fact, the injury is traceable to the [defendant]'s actions, and the injury can be redressed by a favorable decision." *Chapman*, 631 F.3d at 946. Further, the plaintiff must demonstrate a "real and immediate threat of repeated injury" in the future. *Id*. (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). When the plaintiff "seeks injunctive relief, 'past exposure to illegal conduct does not in itself show a present case or controversy.'" *C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102(1983)). The plaintiff must allege "continuing, present adverse effects," *id*., in the form of "deterrence, or . . . injury-in-fact coupled with an intent to return to a noncompliant facility," *Chapman*, 631 F.3d at 944.

/////

4

Defendants contend that even if Hernandez requested an ADA accessible room and was given the key to a non-accessible room, he could have been moved to an accessible room had he asked. Defendants argue Hernandez did not suffer an injury-in-fact because ADA accessible rooms were available at the hotel the night he stayed there. P. & A. at 6. To allege an injury-in-fact, a plaintiff must have encountered at least one barrier related to his disability that affected him. *Chapman*, 631 F.3d at 947−48 (marks omitted). A barrier need not "completely preclude the plaintiff from entering or from using a facility." *Id.* at 947. The plaintiff only needs to allege the barrier interfered with the plaintiff's "full and equal enjoyment" of the facility. *Id*. (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008)); 42 U.S.C. § 12182(a). Here, Hernandez encountered three barriers that prevented his full use and enjoyment of the hotel. First, the sink in his bathroom did not have proper knee clearance for him to access it in his wheelchair. Compl. ¶ 10(a); *see Hernandez v. BMV Hotels, LP,* No. 18-7511, 2021 WL 229237, at *3−4 (N.D. Cal. Jan. 22, 2021) (ordering defendant to remove a wet bar sink counter that did not provide proper knee and toe clearances for wheelchair accessibility). Second, he had a difficult time using the toilet in the room because it lacked grab bars. Compl. ¶ 10(a); *see Barajas v. Ashford TRS Walnut Creek LLC*, No. 20-1676, 2021 WL 2711734, at *1−5 (N.D. Cal. July 1, 2021) (plaintiff that required a wheelchair alleged an injury-in-fact by showing that there were no grab bars at the toilet). Lastly, he had difficulty checking-in and paying because the hotel's check-in counter was too high for him to access in his wheelchair. Compl.¶ 10(b); *Barajas*, 2021 WL 2711734, at *1−5 (plaintiff established an injury-in-fact because she required a wheelchair and could not access the check-in counter). Here, Hernandez has sufficiently alleged an injury-in-fact.

As defendants themselves note, their argument that Hernandez does not have standing because he could have been moved to an accessible room had he asked, is a factual attack on jurisdiction. On a motion to dismiss, a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air*, 373 F.3d at 1039 (citation and marks omitted). "[W]hen a statute provides the

basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous." *Id*. at 1039–40 (quoting *Thornhill Publ'g Co. v. Gen. Tel. Co.*, 594 F.2d 730, 734 (9th Cir.1979)). Defendants' assertion that Hernandez caused his own injury by continuing to use the inaccessible room without informing the hotel, P. & A. at 5–6, is a factual attack that is intertwined with the merits of this action and not appropriately addressed at this stage. *See Barajas*, 2021 WL 2711734, at *5 (finding same). Because Hernandez has established standing, the court has jurisdiction over his ADA claims.

Defendants also assert Hernandez does not establish standing because he has not adequately pled his intent to return to the hotel. P. & A. at 7. A plaintiff's nonspecific allegations of intent to visit a facility, deterrence by the facility's non-compliance, and desire to visit when the non-compliance is cured is sufficient to establish standing. *See Brooke v. Suites LP*, No. 20-1217, 2020 WL 6149963, at *3−5 (S.D. Cal. Oct. 19, 2020) (plaintiff established intent to return by alleging frequent travel to California and intent to travel to the facility's area for leisure and ADA testing once the barrier was removed). Mr. Hernandez frequently travels to the area surrounding the hotel but is deterred from staying at the hotel because of the barriers he encountered. Compl. ¶¶ 10 & 12. Once barriers are removed, he intends to return to the hotel. *Id*. ¶ 12. Mr. Hernandez sufficiently alleges an intent to return.

Defendants further seek dismissal for failure to state a claim, arguing Hernandez has not adequately pled "an injury in fact coupled with an intent to return to the hotel." P. & A. at 10 (arguing injury in fact and intent to return are requirements "to state a cause of action" and "establish standing under the ADA"). As the court has explained above, Hernandez adequately pled his injury and intent to return to the hotel. The complaint states plausible ADA claims.

Defendants argue the court should decline to exercise supplemental jurisdiction over the one state law claim in the interest of "judicial economy, convenience, fairness, and comity." P. & A. at 13. "[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same

6

case or controversy." 28 U.S.C. § 1367(a).  Under § 1367(c), courts have the discretion to decline to exercise supplemental jurisdiction if one of the conditions of § 1367(c) exists.  28 U.S.C. § 1367(c)(1)–(4) (courts may decline jurisdiction if: 1) "the claim raises a novel or complex issue of State law," 2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," 3) "the district court has dismissed all claims over which it has original jurisdiction," or 4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction"); *Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) (citation omitted).  Additionally, the relevant sections of the California Health and Safety Code concern ensuring "public accommodations or facilities constructed in this state" are accessible to individuals with disabilities.  *See* Cal. Health & Safety Code § 19955(a) (citing Cal. Gov't Code § 4450).  Here the court finds the claims are so related as to form the basis of the same case or controversy.  The court exercises supplemental jurisdiction over Hernandez's state law claims.

### IV. CONCLUSION

The defendant's motion to dismiss is **denied**.

This order resolves ECF No. 8.

IT IS SO ORDERED.

DATED: September 23, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE