UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gerardo Hernandez, | No. 2:20-cv-2061-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Welcome Sacramento, LLC dba Courtyard by Marriott Sacramento Cal-Expo, Hotel Circle GL, LLC, | |
| Defendants. | |

Plaintiff Gerardo Hernandez is physically disabled and requires a wheelchair for mobility. Compl. ¶ 8, ECF 1.  Hernandez stayed overnight at the Courtyard by Marriott Sacramento Cal Expo, *id*. ¶¶ 1 & 9, where he noticed the hotel's check-in counter and bathroom were not wheelchair accessible.  He brings this lawsuit against defendants for violations of the Americans with Disabilities Act and the California Unruh Civil Rights Act.

Hernandez now moves to amend his complaint to allege additional barriers to wheelchair accessibility.  Mem. P. & A. at 1–2, ECF No. 33-1.  The court submitted the motion on the papers.  Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should "freely give[ ] [leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  But "[c]ourts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

1

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Defendants have not opposed amendment and it does not appear amendment will cause them any prejudice or delay the case, as the parties still have several months before the fact discovery cutoff. ECF No. 31. And the amendment does not appear futile as "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may . . . challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008).

Thus, the court **grants the motion to amend (ECF No. 33)**.

The court **vacates the motion hearing set for June 17, 2022**.

IT IS SO ORDERED.

DATED: June 7, 2022.

CHIEF UNITED STATES DISTRICT JUDGE