1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Gerardo Hernandez,                          No. 2:20-cv-02061-KJM-JDP

12                  Plaintiff,                    ORDER

13        v.

14   Welcome Sacramento, LLC dba Courtyard by
     Marriott Sacramento Cal-Expo & Hotel Circle
15   GL, LLC,

16                  Defendants.

17

18        Pending before the court is plaintiff Gerardo Hernandez's motion for attorney's fees, costs

19   and litigation expenses.  Defendants Welcome Sacramento, LLC dba Courtyard by Marriott

20   Sacramento Cal-Expo and Hotel Circle GL, LLC oppose the motion.  As explained below, the

21   court **grants** plaintiff's motion **in part**.

22   **I.      BACKGROUND**

23        Hernandez is physically disabled and encountered accessibility barriers during his visit to

24   Courtyard by Marriott Sacramento Cal-Expo (the facility).  Am. Compl. ¶¶ 1, 7–10, ECF No. 35.

25   Hernandez subsequently filed suit, alleging violations of the Americans with Disabilities Act of

26   1990, 42 U.S.C. §§ 12101, *et seq.* (ADA), and related California statutes, including the Unruh

27   Act, Cal. Civ. Code § 55,  *id.* ¶¶ 16–46.  Hernandez sought damages, injunctive and declaratory

28   relief, and attorney fees and costs.  *Id.* ¶ 2.

                                          1

Defendants filed a motion to dismiss Hernandez's original complaint, *see* MTD, ECF No. 8, which Hernandez opposed, *see* Opp'n to MTD, ECF No. 12, and the court denied, *see* Prior Order (Sept. 23, 2021), ECF No. 20.   Eighteen days after the court's order, Hernandez requested the Clerk of Court enter default against defendants because "[d]efendants have failed to . . . respond to the [c]omplaint within the time prescribed by the Federal Rules of Civil Procedure." Default Req. at 2,[1] ECF No. 21.   That same day defendants filed an answer.   Answer, ECF No. 22. The clerk declined to enter Hernandez's request for entry of default.   Docket Entry (Oct. 12, 2021), ECF No. 23.

The court then stayed the action to avoid the accumulation of fees and costs and ordered the parties to meet and confer to discuss settlement.   *See* Prior Order (Oct. 8, 2021), ECF No. 24. The parties subsequently participated in the Voluntary Dispute Resolution Program (VDRP) but did not settle the case.   Joint Status Report at 1, ECF No. 27.   The court lifted the stay, Min. Order (Feb. 4, 2022), ECF No. 28, and Hernandez then filed a motion to amend the complaint to allege additional barriers to wheelchair accessibility, *see generally* Mot. to Am. Compl., ECF No. 33. The court granted this motion.   *See* Prior Order (June 7, 2022), ECF No. 34.

The parties later engaged in further settlement discussions and reached a settlement agreement.   *See* Tanya E. Moore Decl. ¶ 2, Mot., ECF No. 43-2.   Defendants agreed to pay statutory damages of $4,000 and to provide injunctive relief.   *See* Settlement Agreement §§ 2.1– 2.2, Mot. Ex. A, ECF No. 43-3.   The parties also filed a stipulation for dismissal with prejudice except as to plaintiff's claims for attorney's fees and costs.   *See* Dismissal Stipulation, ECF No. 41.   The court dismissed the action with prejudice but retained jurisdiction over plaintiff's claims for attorney's fees.   Min. Order (July 17, 2023), ECF No. 42.

Hernandez has now brought the pending motion for attorney's fees, costs and litigation expenses.   *See generally* Mot., ECF No. 43; Mem., ECF No. 43-1.   Defendants filed an *ex parte* application seeking  an extension of time to file their opposition, Appl., ECF No. 44, which Hernandez opposed, Appl. Opp'n, ECF No. 45.   The court denied the *ex parte* application but

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1  modified the briefing schedule on its own motion.  Prior Order (Sept. 18, 2023), ECF No. 46.

2  Briefing is complete, *see* Am. Opp'n, ECF No. 48; Reply, ECF No. 49, and the court then

3  submitted the matter without oral argument as provided by Local Rule 230(g), *see* Prior Order

4  (Sept. 18, 2023).

## II.   LEGAL STANDARD

6  Both the ADA and the Unruh Act permit recovery of fees by a "prevailing" party.  *See*

7  42 U.S.C. § 12205; Cal. Civ. Code § 55.  Such fee-shifting statutes "enable private parties to

8  obtain legal help in seeking redress for injuries resulting from the actual or threatened violation[s]

9  of specific . . . laws."  *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546,

10  565 (1986).  These statutes are not intended "to punish or reward attorneys."  *Van Gerwen v.*

11  *Guarantee Mut. Life Co*., 214 F.3d 1041, 1047 (9th Cir. 2000).  A plaintiff is considered a

12  "prevailing party" when the plaintiff  enters into a legally enforceable settlement agreement which

13  "modif[ies] the defendant's behavior in a way that directly benefits the plaintiff."  *Barrios v. Cal.*

14  *Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting *Fischer v. SJB-P.D. Inc.*,

15  214 F.3d 115, 118 (9th Cir. 2000)).  Here, because Hernandez has obtained "substantial relief" on

16  "related" claims, the court may award full fees under either claim and need not distinguish

17  between or among those awarded under each.  *See El–Hakem v. BJY Inc.*, 415 F.3d 1068, 1075–

18  76 (9th Cir. 2005).

19  Courts use the lodestar method to assess the reasonableness of attorney's fees.  *Antoninetti*

20  *v. Chipotle Mexican Grill, Inc*., 643 F.3d 1165, 1176 (9th Cir. 2010).  Under the lodestar method,

21  fees are calculated by multiplying the number of hours the prevailing party reasonably expended

22  on the litigation by a reasonable hourly rate.  *Id*.  In its lodestar assessment, the court excludes

23  hours not reasonably expended because they are "excessive, redundant, or otherwise

24  unnecessary."  *Jankey v. Poop Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008) (quoting *Hensley v.*

25  *Eckerhart*, 461 U.S. 424, 434 (1983)).

## III.   ANALYSIS

27  It is undisputed Hernandez is the prevailing party.  *See* Mem. at 11; Am. Opp'n at 2;

28  Dismissal Stipulation at 2 ("[f]or the purposes of [p]laintiff's [f]ees [m]otion, the [p]arties

1   stipulate that [p]laintiff is the prevailing party in this action.").  However, the parties dispute the

2   ultimate fee award.  Hernandez seeks $53,236.27 in attorney's fees, costs and litigation expenses

3   plus additional fees incurred defending this motion, *see* Mot. at 1, while defendants argue the

4   court should deny or greatly reduce the fees, *see* Am. Opp'n at 2.  The court first considers the

5   parties' arguments regarding fees before evaluating the arguments regarding costs.

6       **A.      Fees**

7       At the outset, defendants' argument the court should deny or greatly reduce fees because

8   "this case has all of the hallmarks of abusive ADA litigation" and "Hernandez is plainly a serial

9   litigant" is unpersuasive.  Am. Opp'n at 5.  The Ninth Circuit has counseled that "courts should

10  not condemn [] serial litigation as vexatious as a matter of course," because "[f]or the ADA to

11  yield its promise of equal access for the disabled, it may indeed be necessary and desirable for

12  committed individuals to bring serial litigation advancing the time when public accommodations

13  are compliant with the ADA."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1063 (9th Cir.

14  2007) (internal citation omitted).  However, such "serial litigation can become vexatious,

15  when . . . a large number of nearly-identical complaints contain factual allegations that are

16  contrived, exaggerated, and defy common sense."  *Id.*

17      Nothing in the record before the court supports denying or reducing attorney's fees on

18  serial litigation grounds.  *Cf. D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040

19  (9th Cir. 2008) (reversing district court's dismissal of plaintiff's motion for attorney's fees in part

20  due to court's focus on plaintiff's history of ADA litigation).

21      Having established Hernandez is entitled to attorney's fees, the court next applies the

22  lodestar method to assess the reasonableness of the fees he requests.

23          **1.      Reasonable Rates**

24      The first step in calculating the lodestar amount is to determine the reasonable hourly rate.

25  *Van Gerwen*, 214 F.3d at 1045.  In assessing applications for attorney's fees, the court looks to

26  the prevailing market rates in the relevant legal community.  *Ingram v. Oroudjian*, 647 F.3d 925,

27  928 (9th Cir. 2011) (citation omitted).  The relevant legal community is generally the forum

28  district, with local hourly rates derived from rates for similar work by attorneys and paralegals of

4

similar experience, skill and reputation.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013).  The relevant community here is the area served by the Sacramento courthouse in the Eastern District of California.  *See, e.g.*, *TBK Bank, SSB v. Singh*, No. 17-00868, 2018 WL 1064357, at *7 (E.D. Cal. Feb. 23, 2018), *report and recommendation adopted*, No. 17-00868, 2018 WL 3055890 (E.D. Cal. Mar. 21, 2018) (noting relevant forum for case filed in Fresno was area served by Fresno courthouse).

Here, Hernandez argues a rate of $300 per hour for Tanya E. Moore is reasonable based on her experience practicing law for twenty years and a rate of $115 per hour for paralegals Whitney Law and Isaac Medrano is reasonable given each of their ten years' experience.  Mem. at 13, ECF No. 43-1; Moore Decl. ¶¶ 6–7, 10–11.  Defendants do not dispute these rates.  Am. Opp'n at 6.  Other courts in this district have recently found these rates reasonable for Moore, Law and Medrano and this court sees no reason to find otherwise here.  *See, e.g.*, *Block v. Narwal*, No. 22-00597, 2022 WL 17455502, at *9 (E.D. Cal. Dec. 6, 2022), *report and recommendation adopted*, No. 22-00597, 2023 WL 2024995 (E.D. Cal. Feb. 15, 2023) (accepting $300 per hour for Moore and $115 per hour for paralegals Law and Medrano as reasonable); *Gilbert v. Gsarwar Inc*., No. 21-02032, 2022 WL 4245325, at *3 (E.D. Cal. Sept. 15, 2022), *report and recommendation adopted*, No. 21-02032, 2022 WL 7101283 (E.D. Cal. Oct. 12, 2022) (same).

### 2.    Reasonable Hours

Next, the court must determine whether the hours plaintiff's counsel billed litigating this matter are reasonable.  "The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable."  *Gonzalez*, 729 F.3d at 1202 (citation omitted).  The court may reduce the hours "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary."  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citation omitted), *amended on denial of reh'g by* 808 F.2d 1373 (9th Cir. 1987).  "[T]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged

1    or the facts asserted by the prevailing party in its submitted affidavits." *Hiken v. Dep't of Def.*,

2    836 F.3d 1037, 1045 (9th Cir. 2016) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98

3    (9th Cir. 1992)).

4           Defendants argue the hours expended are "markedly unreasonable" and after breaking

5    down the time entries for each billing category, identify several time entries they deem excessive

6    or unnecessary.  Am. Opp'n at 7.  The court analyzes each billing category below.

7                              a)      Complaint

8           Hernandez requests 7.3 hours for investigating, preparing and filing the complaint

9    including 5.8 hours for Moore and 1.5 hours for Law.  Mem. at 14; Timesheet at 17, Moore Decl.

10   Ex. B, ECF No. 43-3.  In response, defendants argue Hernandez used a form complaint with

11   boilerplate language and therefore fees should be reduced to 0.5 hours for Moore and 0.3 hours

12   for Law.  Am. Opp'n at 7.  Hernandez counters the billed time includes not only time spent

13   drafting the complaint, but also all time spent conducting pre-filing investigative work.  Reply at

14   4.

15          The court agrees the complaint in this action is essentially a boilerplate complaint

16   because, while tailored to the facts of this case, overall the complaint  is substantially similar to at

17   least two other complaints filed by Moore on behalf of Hernandez against different defendants in

18   separate lawsuits in this district.  *Compare* Am. Compl., *with* Compl., *Hernandez v. ARS Hosp.,*

19   *Inc.*, No. 20-02390 (E.D. Cal. Dec. 1, 2020), ECF No. 1, *and* Compl., *Hernandez v. Satya Hotels,*

20   *Inc.*, No. 20-1242 (E.D. Cal. Aug. 27, 2020), ECF No. 1.  Yet, as Hernandez notes, the time

21   entries indicate Moore spent time on tasks aside from just revising the complaint.  For example,

22   Moore billed 3.5 hours for an initial site inspection on August 20, 2020, which this court finds

23   reasonable.  *See* Timesheet at 17; *see, e.g.*, *Robinson v. Cherokee Times Square*, LLC,

24   No. 07-1248, 2009 WL 1657469, at *2 (E.D. Cal. June 12, 2009) (finding 4.2 hours for initial

25   site visit reasonable for similar ADA claim); *Moore v. Millenium Acquisitions, LLC*,

26   No. 14-01402, 2017 WL 1079753, at *5 (E.D. Cal. Mar. 21, 2017) (acknowledging plaintiff may

27   recover fees for travel time spent on case and awarding 1.2 hours for pre-filing inspection).

28   /////

1      However, the remaining time entries for Moore indicate she spent an additional 2.3 hours

2  reviewing documents, communicating with the client and revising the complaint.  *See* Timesheet

3  at 17.  Given Moore's experience with filing ADA complaints and the substantially similar nature

4  of this complaint to those filed in prior cases, the court finds a reduction of Moore's time by 1.3

5  hours is warranted.  *See* Moore Decl. ¶¶ 6–9; *see, e.g.*, *Trujillo v. Taco Riendo, Inc.*,

6  No. 21-01446, 2022 WL 2236932, at *17 (E.D. Cal. June 22, 2022), *report and recommendation*

7  *adopted*, No. 21-01446, 2022 WL 3029334 (E.D. Cal. Aug. 1, 2022) (reducing time spent

8  communicating with client, pre-filing investigating, drafting, and reviewing complaint from 3.3

9  hours to 0.5 hours); *Trujillo v. Lakhani*, No. 17-00056, 2017 WL 1831942, at *7 (E.D. Cal.

10  May 8, 2017) ("[T]ime counsel spent reviewing such boilerplate filings is excessive . . . and .5

11  hours would be a reasonable amount of time for Ms. Moore to spend on preparing, researching,

12  reviewing, and drafting the complaint[.]").

13      Law's entries indicate she spent 1.5 hours reviewing materials, drafting a memo, and

14  substantive portions of the complaint.  Timesheet at 17.  Given the boilerplate nature of the

15  complaint and the overlap of the time Moore spent on related tasks, the court finds a reduction of

16  Law's time by 1.0 hours is warranted.  *See, e.g.*, *Taco Riendo, Inc*., 2022 WL 2236932, at *17

17  (reducing paralegal pre-filing hours for research, review and drafting from .7 hours to .3 hours).

18      In sum,  the court awards Moore 4.5 hours and Law 0.5 hours for time spent on the

19  complaint.

20                      b)      Clerk's Defaults and Stipulations

21      Hernandez seeks 4.0 hours for Moore, 0.2 hours for Law and 2.0 hours for Medrano for

22  filing a request for entry of default and for filing stipulations to extend deadlines.  Mem. at 14–15;

23  Timesheet 17–18.  Defendants argue the time spent "for defaults that were never entered and

24  never required" is unreasonable and unnecessary.  Am. Opp'n at 8.

25      The court is unpersuaded by defendants' argument that any time billed for filing requests

26  for entry of default is unreasonable.  While the Clerk of Court never entered default, two

27  occasions arose in which it was warranted for Hernandez to bill time related to seeking default.

28  First, defendants did not timely respond to the complaint in accordance with the Federal Rules of

1   Civil Procedure, thereby triggering the period during which plaintiff could seek entry of default.

2   *See* Fed. R. Civ. P. 12(a)(1)(A)(i); Welcome Sacramento LLC Summons Returned, ECF No. 5

3   (served on Dec. 8, 2020); Hotel Circle GL, LLC, Am. Summons Returned, ECF No. 6 (served on

4   Dec. 3, 2020).  When this occurred, plaintiff's counsel contacted defendants to notify them they

5   were in default.  *See* Moore Decl. ¶ 21.  Ultimately the parties stipulated to an extension of time

6   for defendants to file their responsive pleadings.  *See* Time Stipulation, ECF No. 7.  The time

7   spent drafting default letters and communicating with the defendants regarding their lack of initial

8   response was reasonable.

9         The second occasion arose after the court denied defendants' motion to dismiss.

10  Following the court's denial, defendants were required to file their answer within fourteen days

11  after notice of the court's action.  Fed. R. Civ. P. 12(a)(4)(A); *see Lopez v. County*, No. 16-0218,

12  2016 WL 7391036, at *4 (D. Nev. Dec. 20, 2016).  When Hernandez reached out regarding the

13  status of their answer, defendants responded, "there is no status."  Status Emails, Tanya E. Moore

14  Suppl. Decl. Ex. C, ECF No. 49-2.  Given defendants' response and inaction – until plaintiff

15  requested entry of default – the court finds preparing and filing the request for entry of default

16  was reasonable.

17        That said, the court does find some of the time entries related to preparing and filing the

18  stipulation are unreasonably duplicative and excessive given the tasks performed.  *See Hensley*,

19  461 U.S. at 434 (explaining courts should exclude hours that are "excessive, redundant, or

20  otherwise unnecessary").  Specifically, the court will not award time for the following entries:

21  Moore's 0.3 hour entry on January 15, 2021, to instruct a paralegal to write an email; Moore's 0.4

22  hour entry on January 19, 2021, to review the two-sentence stipulation; and Medrano's 0.1 hour

23  entry on January 28, 2021, to review the filed stipulation.  *Id.* at 17; Time Stipulation.

24        Accordingly, the court deducts 0.7 hours for Moore and 0.1 hours for Medrano. *See, e.g.*,

25  *Moore*, 2017 WL 1079753, at *4–5 (reducing hours billed to attorney as excessive and

26  duplicative of those spent by paralegals).

27  /////

1        c)      Motion to Dismiss

2      For time spent working on opposing defendants' motion to dismiss, Hernandez seeks 12.5

3 hours for Moore, 13.5 hours for Law and 0.6 hours for Medrano.  Mem. at 15.  Defendants argue

4 these fees should be reduced, because the opposition "recycle[s]" language from another

5 opposition Moore filed on behalf of Hernandez months earlier in a separate case.  Am. Opp'n at

6 8.  However, as Hernandez notes in reply, the opposition in the instant case was filed prior to the

7 opposition in that other case.  Reply at 4–5; *compare* MTD Opp'n, ECF No. 12 (filed on Feb. 17,

8 2021), *with* Opp'n, *Hernandez v. ARS Hosp. Inc.*, No. 20-02390 (E.D. Cal. Apr. 15, 2021) (filed

9 on April 15, 2021).  Defendants' argument in this respect is without merit.

10      The court finds the time billed for opposing the motion to dismiss is reasonable and

11 neither duplicative nor unnecessary.  Timesheet at 17–18; *cf. Louie v. Carichoff*, No. 05-0984,

12 2006 WL 3349521, at *2 n.2 (E.D. Cal. Nov. 16, 2006) (finding it reasonable to expend 27.10

13 hours on motion to dismiss).

14        d)      Joint Scheduling Report and Meet and Confer

15      Hernandez seeks 4.7 hours for Moore, 2.8 hours for Law, and 2.4 hours for Medrano for

16 Rule 26 meet and confer requirements, preparing the initial joint scheduling report, and attending

17 the required Rule 16 scheduling conference.  Mem. at 15; Timesheet at 17–20.  Defendants argue

18 the rates for Moore should be reduced because the joint scheduling report "is a form document

19 Moore has prepared hundreds of times."  Am. Opp'n at 8.  Hernandez argues in reply that the 4.7

20 hours for Moore included more than merely completing the joint scheduling report.  Reply at 4.

21      The court agrees the 4.7 hours Moore billed are not compensable as time spent on the joint

22 scheduling report given the clerical and administrative nature of some of the entries.  Specifically,

23 the court will not award Moore's 0.3 hour entry on October 11, 2021, for making an unanswered

24 call or Moore's 0.1 hour entry on March 1, 2022, for "attention to lack of response" from

25 defendants' counsel.  Timesheet at 18, 19; *see also Block v. Christian*, No. 16-00650,

26 2017 WL 5248402, at *9 (E.D. Cal. Nov. 13, 2017), *report and recommendation adopted*,

27 No. 16-00650, 2017 WL 6350773 (E.D. Cal. Dec. 13, 2017) (reducing fees for forwarding and

28 reviewing emails and making phone calls that went unanswered).

1       In sum, the court will award 4.3 hours for Moore, 2.8 hours for Law and 2.4 hours for

2 Medrano.

3               e)      VDRP

4       For preparing for VDRP, meeting and conferring, and attendance at the VDRP session,

5 Hernandez seeks 10.7 hours for Moore, 1.1 hours for Law and 1.2 hours for Medrano.  Mem. at

6 10; Timesheet at 18–19.  Defendants do not dispute any of the hours spent in the VDRP category

7 and after reviewing the billing entries the court finds the hours reasonable.

8               f)      Site Inspection

9       Hernandez seeks 12.5 hours for Moore, 2.4 hours for Law and 1.3 hours for Medrano for

10 time spent preparing for and overseeing a site inspection during which a Certified Access

11 Specialist (CASp) visited the facility to identify all barriers to access.  Mem. at 15–16; Timesheet

12 at 18–20.  Defendants argue Moore should not be awarded travel time because there was no need

13 for Moore to attend the inspection.  Am. Opp'n at 8–9.  In reply, Moore argues her presence at the

14 inspection was necessary as she "had to insist that [p]laintiff's expert be allowed to inspect all

15 purportedly accessible guestrooms."  Moore Suppl. Decl. ¶ 5.

16       While other courts previously have reduced the hours Moore has expended when she

17 spent significant time driving to perform a site visit, here there was a justifiable benefit to her

18 presence for the total time billed.  The court finds it reasonable to award time for the hours Moore

19 spent traveling.  *Compare Hernandez v. BMV Hotels, LP*, No. 18-07511, 2021 WL 5053491, at

20 *4 (N.D. Cal. Apr. 14, 2021) (reasoning Moore's 7.5 hour site visit and 2 hours of travel time was

21 reasonable), *with Gilbert v. HBA Enterprises, Inc*., No. 21-01358, 2022 WL 2663761, at *18

22 (E.D. Cal. July 11, 2022), *report and recommendation adopted*, No. 21-01358, 2022 WL

23 3327461 (E.D. Cal. Aug. 11, 2022) (disallowing 2 hours Moore expended "for travel related to

24 the site inspection" because there was "no discernible benefit or substantive information . . . that

25 reflects the usefulness of this site visit by counsel").

26               g)      Amending Complaint

27       For time spent amending the complaint, Hernandez seeks 0.8 hours for Moore and 4.0

28 hours for Law.  Mem. at 16; Timesheet at 20, 21.  Hernandez indicates "the cost was reduced by

1   having most of the work done by a paralegal." Mem. at 16.  Defendants argue despite this,

2   charging 4.8 hours is unreasonable to add "items from [p]laintiff's CASp report into a

3   paragraph." Am. Opp'n at 10.  Hernandez argues this characterization is inaccurate because "the

4   amendment identified dozens of violations in many subparts, spanning nine pages." Reply at 6.

5   A review of the record shows Hernandez is correct. *See generally* First Am. Compl.  Because the

6   amended complaint was substantially modified from the original and injunctive relief was still in

7   dispute at the time, the court finds the hours expended in this category are reasonable and no

8   reduction is necessary. *Cf. Gilbert v. Dollar Tree Stores, Inc*., No. 21-01640, 2023 WL 7736500,

9   at *7 (E.D. Cal. Nov. 15, 2023) (finding "some reduction in fees appropriate [for amending the

10  complaint] because [p]laintiff's proposed amendment was minor and uncontested").

h)      Discovery

12          For discovery related tasks, Hernandez seeks 83.5 hours: 57.2 hours for Moore, 25.5 hours

13  for Law, and 0.8 hours for Medrano.  Mem. at 16; Timesheet at 17–23.  Defendants argue these

14  hours are "unreasonable for routine discovery" and specifically challenge the time Moore billed

15  for the deposition of defendants' CASp expert, Gary Layman, which "never went forward," the

16  time Moore spent preparing for the deposition and the 0.3 hours Moore billed for a "two sentence

17  email."  Am. Opp'n at 9.

18          First, the court finds Hernandez does not provide adequate documentation to warrant

19  granting the full 11.5 hours Moore billed on December 21, 2022, the day of Layman's scheduled

20  deposition.  *See* Timesheet at 22; *see also Chalmers*, 796 F.2d at 1210 (noting a court can reduce

21  hours "where documentation of the hours is inadequate").  While the time entries indicate

22  defendants' counsel did not promptly respond to requests for dates for the Layman deposition and

23  the time entries show Hernandez's counsel prepared the notice and subpoena for the deposition

24  on December 16, 2022, *see* Timesheet at 22, it is not clear when  Layman was subpoenaed to

25  attend, *see* Fed. R. Civ. P. 30(a)(1), or if defendants received reasonable written notice, *see* Fed.

26  R. Civ. P. 30 (b)(1).  Hernandez does provide a credit card sale showing service of a subpoena on

27  Layman was charged to Moore's firm, but the receipt is dated January 4, 2023, after the

28  deposition was allegedly supposed to occur on December 21, 2022.  Layman Subpoena Receipt,

11

1   Moore Decl. Ex. E, ECF No. 43-3; Timesheet at 22.  Defendants contend they "did not even

2   know about" the deposition set for December 21, 2022.  Am. Opp'n at 9.  Instead of responding

3   to this argument with proof counsel had adequately alerted the appropriate parties, Hernandez

4   contends "[t]he time entries speak for themselves."  Reply at 5.  Because the court finds

5   otherwise, and plaintiff has the burden here, the court will deduct the 8.0 hour time entry Moore

6   billed on December 21, 2022, for "losing the entire day to no show," and the 1.0 hour time entry

7   Moore billed the same day for waiting for the witness to appear.  Timesheet at 22; *see also*

8   *Hernandez v. MRVS Enterprises Inc.*, No. 21-06441, 2023 WL 8720138, at *7 (N.D. Cal.

9   Dec. 18, 2023) (declining to award Moore eight hours for deposition canceled the day before and

10  finding "[h]er insistence she could not use the time to perform other work [] not credible").

11         Second, defendants claim the time Moore spent preparing for the deposition was

12  unreasonable.  Am. Opp'n at 9.  Courts in this circuit have found a ratio of roughly two hours

13  preparation for every hour of deposition to be reasonable.  *See, e.g.*, *Smith v. Gen. Info. Servs.,*

14  *Inc.*, No. 117-00542, 2019 WL 2106171, at *3 (E.D. Cal. May 14, 2019) (awarding fees for 30

15  hours preparation for 13.2 hours of depositions).  Here, while the date for the deposition was not

16  well documented as discussed above, defendants effectively concede the parties did agree to a

17  date for Layman's deposition.  *See* Am. Opp'n at 9 (noting "the parties agreed to a different

18  date").  While the deposition ultimately never occurred given that the case settled, the court finds

19  the very modest 2.5 hours Moore spent preparing for the deposition reasonable.

20         Third, defendants challenge a billing entry on December 14, 2022, for 0.3 hours for

21  Moore's sending an email confirming the date and time for a meet and confer.  Am. Opp'n at 9.

22  While the court finds this time spent corresponding with opposing counsel is reasonable, the court

23  finds several other entries Moore entered in the discovery billing category are excessive or

24  duplicative of some of Law's entries.  Timesheet at 22; *Missouri v. Jenkins by Agyei*, 491 U.S.

25  274, 288 n.10 (1989) (reducing fees for clerical or secretarial tasks); *Christian*, 2017 WL

26  5248402, at *9 (reducing fees for reviewing and forwarding emails); *Kalani v. Statewide*

27  *Petroleum, Inc.*, No. 13-02287, 2014 WL 4230920, at *4–5 (E.D. Cal. Aug. 25, 2014) (reducing

28  fees where experienced attorney performed simple tasks and where same task was billed across

1   multiple entries).  Specifically, the court applies a reduction for the following entries: Law's 0.4

2   hour entry on April 8, 2022, for time spent reviewing a scheduling order and calendaring

3   deadlines, which the court reduces to 0.1 hours; Moore's 0.1 hour entry on May 24, 2022, for

4   instruction to Law, which the court reduces by 0.1 hours as unnecessary and duplicative; Moore's

5   0.3 hours entry on June 3, 2023, for reviewing correspondence with Stillman, which the court

6   reduces by 0.3 hours as duplicative of work completed the day prior; Moore's 1.5 hours entry on

7   June 5, 2022, which the court reduces by 1.2 hours as duplicative of an entry billed by Law the

8   next day.  Timesheet at 20-22.

9       In sum, the court reduces Moore's time in this category by 10.6 hours and Law's time by

10  0.3 hours.

11                  i)      Efforts to Reach Settlement Agreement

12      For time spent discussing settlement, Hernandez seeks 12.6 hours for Moore and 8.2 hours

13  for Law.  Mem. at 16; Timesheet at 17–18, 22–24.  Hernandez claims this time was spent

14  preparing multiple settlement agreements, communicating with defense counsel, and attempting

15  to resolve claims for attorney's fees and costs.  Mem. at 16.  Defendants argue the time billed is

16  unreasonable and unnecessary because most of the time was "accumulated by one or two

17  sentence emails."  Am. Opp'n at 9.  In reply, Hernandez contends the time entries "speak for

18  themselves."  Reply at 5.  The court agrees with Hernandez here and finds the time billed for

19  efforts to reach a settlement agreement reasonable.

20                  j)      Finalizing Settlement

21      Hernandez also seeks additional hours for the time Moore, Law and Medrano spent

22  finalizing the settlement agreement.  Specifically, Hernandez seeks 1.8 hours for Moore, 1.7

23  hours for Law and 0.5 hours for Medrano.  Mem. at 16–17; Timesheet at 23–24.  Defendants

24  concede some time is necessary to spend finalizing the settlement agreement but argue the

25  timesheets are "padded" with excessive entries.  Am. Opp'n at 10.  In response, Hernandez

26  contends the numerous entries would not have accrued if defendants had provided their signatures

27  in a timely manner.  Reply at 6.

28  /////

13

1    Given the extended period it took for the parties to finalize and sign the settlement

2  agreement, entries for time spent emailing opposing counsel are reasonable.  Timesheet at 23–24.

3  However, the court finds a reduction is warranted based on two overlapping time entries.

4  Specifically, the court will not award the 0.3 hours Moore billed on June 26, 2023, for preparing

5  the stipulation for dismissal, because Medrano had previously billed 0.3 hours for the exact same

6  task on February 17, 2023.  Timesheet at 24; *see also Taco Riendo, Inc.*, 2022 WL 2236932, at

7  *17 (reducing time spent on duplicative tasks).

8    In sum, the court reduces Moore's time in this category by 0.3 hours.

9                       k)      Motion for Summary Judgment

10   While Hernandez never filed a motion for summary judgment, he still seeks 3.0 hours for

11  Moore and 0.4 hours for Law for the time they spent preparing to file the motion.  Mem. at 17;

12  Timesheet at 22–24.  Defendants argue no motion was necessary because the parties had agreed

13  upon injunctive relief.  Am. Opp'n at 10.  In reply, Hernandez argues the hours were reasonable

14  and necessary at the time due to the approaching dispositive motion deadline.  Reply at 6.  Moore

15  declares she only did "the minimum work required on the motion," Moore Decl. ¶ 33, and all

16  work on the motion stopped as soon as a tentative settlement was reached in late December 2022,

17  Reply at 6; Timesheet at 22–24.  Further, Moore declares the work was necessary given

18  defendants' nearly three month delay in returning the signed settlement agreement.  Moore Decl.

19  ¶ 33; Reply at 6.

20   The court finds awarding fees for time spent on the unfiled motion is reasonable in this

21  case given the circumstances.  *See Block v. Starbucks Corp.*, No. 115-00991, 2018 WL 4352906,

22  at *13 (E.D. Cal. Sept. 11, 2018) ("[T]ime billed for preparing and filing the motion for summary

23  judgment is reasonable because the motion was an important step toward the ultimate settlement

24  here."); *see also Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1125 (C.D. Cal. 2012)

25  (collecting cases).

26                       l)      CCDA Report

27   For time spent reporting to the California Commission on Disability Access (CCDA),

28  Hernandez seeks 1.0 hour for Moore and 0.3 hours for Medrano.  Mem. at 17; Timesheet at 17,

24.  Defendants assert no time should be awarded in this category because this was a form report and Moore made a duplicate entry.  Am. Opp'n at 7.

The Ninth Circuit holds it is unreasonable "for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." *Davis v. City of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *opinion vacated in part on other grounds on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993).  Furthermore, when billing legal fees, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri*, 491 U.S. at 288 n.10.  Here, the court finds there is insufficient evidence to determine the CCDA report is clerical in nature and therefore does not find the hours billed for the report unreasonable.  *See Johnson v. Xinliang Bai*, No. 16-1698, 2017 WL 3334006, at *3 (E.D. Cal. Aug. 4, 2017) (finding similarly); *but see  Gsarwar Inc.*, 2022 WL 4245325, at *4 (preparing and submitting report on CCDA portal is a clerical task).  Accordingly, the court does not make any deductions for this category.

m)      Motion for Attorney's Fees and Costs

For preparing the instant motion, Hernandez seeks 8.2 hours for Moore, 16 hours for Law and 0.1 hours for Medrano.  Mem. at 17; Timesheet at 23–24.  Defendants argue these hours are duplicative and unnecessary given the "routine and repetitive form motions" Moore uses.  Am. Opp'n at 10.  Specifically, defendants claim the instant motion is identical to the motion for attorney's fees and costs Moore filed on behalf of another client.  *See* Att'y Mot., *Gilbert*, No. 22-00117 (E.D. Cal. Sept. 5, 2023), ECF No. 30.

However, the motion for attorney's fees and costs filed in *Gilbert* was filed after the motion for attorney's fees in the instant case.  *Compare id.* (filed on September 5, 2023), *with* Mot. (filed on August 28, 2023).  While the motion here does not present any novel issues, after reviewing the relevant billing records, the court finds the hours billed are not duplicative but rather are reasonable particularly given the time-consuming task of reviewing billing time and expense entries related to this case in particular.  *Cf.*, *BMV Hotels, LP*, 2021 WL 5053491, at *6 (awarding 9.2 hours for Moore and 15.3 hours for Law for time spent working on motion for attorney's fees).

15

1      Hernandez also seeks fees for hours spent defending this motion.  Specifically, Hernandez

2  seeks 4.9 hours for Moore and 11.5 hours for Law for the time they spent addressing defendants'

3  *ex parte* request for additional time to oppose the motion and for preparing the reply brief.  Reply

4  at 7.  While Hernandez does not differentiate the time spent working on the *ex parte* opposition

5  compared to the reply, given the numerous discrete challenges defendants raised in their

6  opposition, the court finds these hours reasonable.  *Cf.*, *BMV Hotels, LP*, 2021 WL 5053491, at

7  *6 (finding 4.5 hours Moore and 10.6 hours Law spent working on reply reasonable); *Kalani v.*

8  *Starbucks Corp.*, No. 13-00734, 2016 WL 379623, at *9 n.6 (N.D. Cal. Feb. 1, 2016) (finding

9  hours spent working on reply reasonable given number of objections raised).

10      Based on the above, the court awards Hernandez 126.4 hours for Moore ( $300 hourly

11  rate) and paralegal time comprising 87.5 hours for Law ($115.00 hourly rate) and 9.1 hours for

12  Medrano ($115.00 hourly rate) for a total of $49,029.00 in attorney fees. The final lodestar

13  figures, showing the requested, adjusted and awarded amount is summarized in the chart below.

14

| Billing Category | Requested Amount | Adjusted Amount | Awarded Amount |
|---|---|---|---|
| Complaint | Moore 5.8 hours<br>Law 1.5 hours | Moore -1.3 hours<br>Law -1.0 hours | Moore 4.5 hours<br>Law 0.5 hours |
| Clerk's Defaults and Stipulations | Moore 4 hours<br>Law 0.2 hours<br>Medrano 2 hours | Moore -0.7<br>Law 0.0<br>Medrano -0.1 | Moore 3.3 hours<br>Law 0.2 hours<br>Medrano 1.9 hours |
| Motion to Dismiss | Moore 12.5 hours<br>Law 13.5 hours<br>Medrano 0.6 hours | No adjustment | Full amount requested |
| Joint Scheduling Report/Meet and Confer | Moore 4.7 hours<br>Law 2.8 hours<br>Medrano 2.4 hours | Moore -0.4 hours<br>Law 0.0 hours<br>Medrano 0.0 hours | Moore 4.3 hours<br>Law 2.8 hours<br>Medrano 2.4 hours |
| VDRP | Moore 10.7 hours<br>Law 1.1 hours<br>Medrano 1.2 hours | No adjustment | Full amount requested |

| Site Inspection | Moore 12.5 hours<br>Law 2.4 hours<br>Medrano 1.3 hours | No adjustment | Full amount requested |
|---|---|---|---|
| Amending Complaint | Moore 0.8 hours<br>Law 4 hours | No adjustment | Full amount requested |
| Discovery | Moore 57.2 hours<br>Law 25.5 hours<br>Medrano 0.8 hours | Moore -10.6 hours<br>Law -0.3 hours<br>Medrano 0.0 hours | Moore 46.6 hours<br>Law 25.2 hours<br>Medrano 0.8 hours |
| Efforts to Reach Settlement Agreement | Moore 12.6<br>Law 8.2 | No adjustment | Full amount requested |
| Finalizing Settlement | Moore 1.8 hours<br>Law 1.7 hours<br>Medrano 0.5 hours | Moore -0.3 hours<br>Law 0.0 hours<br>Medrano 0.0 hours | Moore 1.5 hours<br>Law 1.7 hours<br>Medrano 0.5 hours |
| Motion for Summary Judgment | Moore 3 hours<br>Law 0.4 hours | No adjustment | Full amount requested |
| CCDA Reporting | Moore 1 hour<br>Medrano .3 hours | No adjustment | Full amount requested |
| Motion for Fees and Costs | Moore 8.2 hours<br>Law 16 hours<br>Medrano 0.1 hours | No adjustment | Full amount requested |
| Defending Motion for Fees and Costs | Moore 4.9 hours<br>Law 11.5 hours | No adjustment | Full amount requested |
| Total Amount Awarded: | | | Moore 126.4 hours<br>Law 87.5 hours<br>Medrano 9.1 hours |

### 3.    Costs

Hernandez also seeks $10,788.77 in costs and litigation expenses, including $9,125.00 in total for a Certified Access Specialist (CASp) to inspect the facility, prepare a report identifying all barriers to access, and then later update the findings from the site inspection.  Mem. at 19–20; Moore Decl. ¶¶ 17–18; CASp Invoices, Moore Decl. Exs. G, H, ECF No. 43-3.

1    Costs generally are awarded to the prevailing party in a civil action as a matter of course

2    unless the court directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award of costs

3    to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells*

4    *Fargo Fin. Cal., Inc*., 606 F.3d 577, 579–80 (9th Cir. 2010).  The ADA authorizes a prevailing

5    party to recover "out-of-pocket expenses incurred by an attorney which would normally be

6    charged to a fee-paying client[.]"  *Chalmers*, 796 F.2d at 1216 n.7; *see also Johnson v. Wen Zhi*

7    *Deng*, No. 15-02698, 2019 WL 1098994, at *4 (E.D. Cal. Mar. 8, 2019).

8    At the outset, defendants argue all costs should be denied because Hernandez did not

9    timely file a bill of costs.  Am. Opp'n at 11.  To support this argument, defendants rely on a

10   Central District of California case, in which the court declined to award costs where the plaintiff

11   had not timely filed a bill of costs as required under Central District of California Local Rule 54-

12   2.1.  *See* Am. Opp'n at 11 (citing *Kline v. J2 Glob., Inc.*, No. 19-00667, 2019 WL 4137617, at *1

13   (C.D. Cal. May 8, 2019)).  The local rules for the Central District of California are inapplicable in

14   the Eastern District of California.  Moreover, the parties here stipulated plaintiff's motion for

15   attorney's fees and costs should be filed by August 28, 2023.  Dismissal Stipulation at 2.  The

16   court agreed to retain jurisdiction over the motion and accepted the deadline set by the parties.

17   Min. Order (July 17, 2023), ECF No. 42.  Hernandez filed the instant motion on August 28, 2023,

18   and it is therefore timely.

19   In the alternative, defendants argue the fee for Hernandez's CASp expert is unreasonable.

20   Am. Opp'n at 9.  To support this argument, defendants demonstrate that in contrast to the

21   $9,125.00 Hernandez paid his CASp expert, defendants only paid its CASp expert $2,200.00 for

22   the exact same inspection.  *Id.*; Def. CASp Invoice, Phillip H. Stillman Decl. Ex. 3, ECF No. 48-

23   1.  In response, Hernandez argues defendants' CASp expert only prepared a 15-page report while

24   Hernandez's expert prepared a 164-page report and attaches the two reports for comparison.

25   Reply at 5; Moore Suppl. Decl. Exs. A–B.  According to Hernandez, the difference in work

26   product demonstrates Hernandez paid a fair price and the CASp expert's report allowed him to

27   obtain "full and complete injunctive relief."  *Id.*

18

Under the ADA, costs are awarded for CASp inspections, but the costs must be reasonable. *See, e.g.*, *Christian*, 2017 WL 5248402, at *9 (awarding $5,673.94 in costs for court filing fee, cost of service, fees for two site inspections). Hernandez bears the burden of establishing the costs are reasonable. Here, Hernandez has not met his burden of showing the full amount he requests is justified.

First, the two invoices Hernandez provides do not allow the court to determine whether the total cost was reasonable. The first invoice seeks $8,000.00 for "Travel, Survey and Draft report" and the second invoice seeks $1,125.00 for "Update[] of Draft Report to Expert Report." CASp Invoices, Moore Decl. Exs. G–H, ECF No. 43-3. Hernandez claims he relied on the first report in amending his complaint to allege the existence of all barriers and to obtain full injunctive relief. Moore Decl. ¶ 17. Given this, it is unclear why the work charged under the second invoice was necessary and the court declines to award any of the costs attributed to this second invoice.

It is clear that Hernandez's expert report is much more thorough than defendants' expert report, although without more information the court cannot determine whether the full $8,000.00 the expert charged is reasonable. The expert's invoice is not itemized in a way that allows the court to determine how much time was spent conducting the site inspection or traveling to and from the facility or working on the report, although all this kind of time would be compensable. *Hopson v. Singh*, No. 16-3014, 2019 WL 4298040, at *5 (E.D. Cal. Sept. 11, 2019), *report and recommendation adopted*, No. 16-03014, 2019 WL 4747791 (E.D. Cal. Sept. 30, 2019). It also is not possible to discern the expert's hourly rate from the invoice. Given the heft of the report compared to the defendant's expert's report the court will award $5,000.00 for Hernandez's CASp expert's work.

The court declines to award the Talty Court Reporter fee for the "no show" deposition on December 21, 2022, given the lack of supporting documentation that the appropriate parties received adequate notice for the deposition as discussed above. *See* Court Reporter Invoice, Moore Decl. Ex. I, ECF No. 43-3. The court finds the remaining costs are compensable and reasonable.

1         Accordingly, the court awards Hernandez $6,209.77 in costs and litigation expenses.

2  **IV.**   **CONCLUSION**

3         Based on the foregoing, the court awards $49,029.00 in attorney fees and $6,209.77 in

4  costs and litigation expenses.  Defendants shall pay these amounts to plaintiff within 30 days of

5  the filed date of this order.

6         This order resolves ECF No. 43.

7         IT IS SO ORDERED.

8  DATED:  October 15, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE